JUDGE DAVID GUADERRAMA

FILED

2017 SEP -6 PM 5:06

U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
                DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. EP-17-CR- |
| Plaintiff, | § § § | **SEALED INDICTMENT** |
| v. | § § | |
| ▆▆▆▆▆▆▆▆▆▆▆▆▆ and LUIS RUBIO (2), | § § § § | CT 1: 18 U.S.C. § 286; CTS 2 & 3: 18 U.S.C. § 641 & 18 U.S.C. § 2 CTS 4 & 5: 18 U.S.C. § 1028A |
| Defendants. | § § § | Notice of Government's Demand for Forfeiture |

EP17CR1725

THE GRAND JURY CHARGES THAT:

**COUNT ONE**
**(18 U.S.C. § 286)**
**(CONSPIRACY TO DEFRAUD THE GOVERNMENT WITH RESPECT TO CLAIMS)**

**INTRODUCTION**

At all times material and relevant to this Indictment:

1. Defendant ▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆▆ resided in and conducted the activities related to this scheme in the Republic of Mexico.

2. Defendant **LUIS RUBIO ("RUBIO")** resided in and conducted the activities related to this scheme in El Paso, Texas, which is in the Western District of Texas.

3. **The Internal Revenue Service ("IRS"):** The IRS was an agency of the United States Department of the Treasury responsible for enforcing and administering the tax laws of the United States, and collecting taxes owed to the United States.

4. **IRS Form Schedule C:** IRS Form Schedule C was a form on which taxpayers reported income derived from operating a business.

5. **IRS Form W-2 (Wage and Tax Statement):** Form W-2 is a form every employer is required to file when payments of $600 or more, in cash or other thing of value, is made to an employee if income, social security or Medicare tax was withheld, or income tax would have been withheld had the employee not claimed an exemption or more than one withholding allowance.

6. **The IRS Tax Refund Checks:** The IRS had sole authority to issue checks drawn on United States Treasury funds to taxpayers qualifying for a federal income tax refund.

7. **Money Service Business ("MSB")**: MSB operated for the purpose of, among other things, cashing checks for individuals who may not have a bank account. The MSB takes a percentage of the total check or checks cashed as a fee.

Beginning on or about July 14, 2011 and continuing through and including on or about July 4, 2015, in the Western District of Texas, the Republic of Mexico and elsewhere, Defendants,

▇▇▇▇▇▇▇▇▇▇▇▇ ▇ ▇
**LUIS RUBIO (2),**

and other persons known and unknown to the Grand Jury, knowingly and intentionally entered into an agreement, combination and a conspiracy with each other and with others known and unknown, to defraud the United States by obtaining and aiding to obtain the payment of a materially false, fictitious and fraudulent claim, in the manner and means as follows:

### MANNER AND MEANS

To accomplish the objects of this conspiracy, Defendants and others to the grand jury known and unknown used the following manner and means, among others:

a. Defendant, ▇▇▇▇ and others both known and unknown to the grand jury, obtained the means of identification of S.R., A.M., and others, including name and/or Social Security numbers, in order to use the stolen means of identification to file fraudulent IRS income tax returns.

b. The actions of defendant ▇▇▇▇ and actions of others both known and unknown to the grand jury caused IRS to issue tax refunds based on fraudulently filed tax returns, which refunds were not due and owing.

c. ▇▇▇▇ initially had the tax refunds from the IRS sent to his personal bank accounts at a bank in El Paso, Texas, and after the bank closed his accounts he had the tax refund checks sent to RUBIO's home address in El Paso, Texas. When the tax refunds were being deposited at ▇▇▇▇ personal bank accounts, the funds were usually transferred to Mexican bank accounts in ▇▇▇▇ or in another's name, or withdrawn from Automated Teller Machines (ATM) in Mexico.

d. RUBIO received the tax refund checks at his home address in El Paso, Texas and notified ▇▇▇▇ when new checks arrived. ▇▇▇▇ picked up the checks from RUBIO and took them to MSBs in El Paso, TX, for cashing. ▇▇▇▇ spoke personally with the

2

person in charge of the MSB to negotiate commissions paid to the MSB, and to inquire about the documentation needed for the cashing of the checks, and portraying himself as a tax preparer.

e. The MSB required ▓▓▓▓ to provide copy of the tax returns related to the checks being cashed, copy of the taxpayers' identification, and a Power of Attorney giving ▓▓▓▓ consent from the taxpayers to cash their checks. The Powers of Attorney were all issued by the same Mexican Notary Public in Mexico, and many of the identifications appeared to be falsified.

f. ▓▓▓▓ maintained constant communication with RUBIO via email and telephone regarding the tax refund checks, and often instructed RUBIO to pick up money from tax refund checks cashed by ▓▓▓▓ at the MSB. ▓▓▓▓ also provided specific instructions to RUBIO for the disposition of the money picked up at the MSB.

g. The majority of the IRS tax returns were filed electronically, with a few exceptions of paper returns being filed directly with the IRS. The electronic tax returns were filed using TaxSlayer or TurboTax software from Mexican IP addresses. ▓▓▓▓ bank account records show multiple payments to TaxSlayer and TurboTax. RUBIO's home address in El Paso, Texas was listed on these income tax returns so the IRS Refund Checks would be mailed to that location.

All in violation of Title 18, United States Code, Section 286.

## COUNTS TWO AND THREE
### (18 USC §§ 641 & 18 U.S.C. 2-AIDING & ABETTING THEFT OF PUBLIC MONEY)

The Manner and Means set out in Count One of this Indictment are incorporated by reference in their entirety as if fully set herein.

On or about the dates listed below, within the Western District of Texas and elsewhere, Defendants,

 and
**LUIS RUBIO (2),**

did willfully and knowingly embezzle, steal, purloin, and convert to their own use, and did aid and abet each other to embezzle, steal, purloin, and convert to their own use

3

and the use of another, money of the United States, namely, funds administered by the Department of the Treasury in the form of federal income tax refunds in the names of the individuals whose initials are listed below and in the amounts listed below in the Western District of Texas, the Republic of Mexico and elsewhere:

| Count | Date IRS Tax Refund Check Cashed | Victim | Amount | Tax Year |
|---|---|---|---|---|
| TWO | 10/8/2013 | S.R. | $1,989.90 | 2012 |
| THREE | 9/24/13 | A.M. | $1,847.64 | 2012 |

All in violation of Title 18, United States Code, Sections 641 and 2.

## COUNTS FOUR AND FIVE
### (18 USC 1028A – AGGRAVATED IDENTITY THEFT)

On or about each date listed below, within the Western District of Texas, the Republic of Mexico and elsewhere, ▓▓▓▓▓▓▓▓▓▓ did knowingly possess, transfer, and use, without lawful authority, the means of identification of another person during and in relation to offenses in this Indictment described as Related Counts below, that is, ▓▓▓▓▓▓▓▓▓▓ did knowingly possess, transfer, and use the names and Social Security number of actual persons known to the grand jury, listed by their initials below, during and in relation to committing the offense of Theft of Public Money in violation of 18 U.S.C. § 641.

| Count | Date of Offense | Victim | Related Count |
|---|---|---|---|
| FOUR | 4/19/13 | S.R. | Two |
| FIVE | 4/3/13 | A.M. | Three |

All in violation of Title 18, United States Code, Section 1028A.

4

## NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE
(18 U.S.C. § 981 and 28 U.S.C. § 2461(c))

As a result of the offenses set forth in Counts One through Three of this Indictment, the United States of America gives notice to the Defendant,

██████████████ and
LUIS RUBIO (2)

of its intent to seek forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), of any property, real and personal, which constitutes or is derived from proceeds traceable to the violations, including but not limited to a money judgment representing the amount of proceeds obtained as a result of the offenses.

### Substitute Asset Provision

If any of the above described forfeitable property, as a result of any act or omission of the defendants:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third person;

    c.    has been placed beyond the jurisdiction of the Court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of said defendants up to the value of the above-described forfeitable property.

A TRUE ORIGINAL SIGNATURE REDACTED PURSUANT TO E-GOVERNMENT ACT OF 2002

_____
Foreperson

RICHARD L. DURBIN, JR.
United States Attorney

BY: _____
Adrian E. Gallegos
Assistant United States Attorney